UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.: 2:23-CV-00617-FWS-MAA              Date: January 27, 2023
Title: Maria A. Anders v. County of Santa Barbara Sheriffs Department *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING ACTION WITHOUT PREJUDICE [1]**

The court is in receipt of several documents from Plaintiff Maria A. Anders ("Plaintiff") including: (1) a letter entitled "Complaint; Request of 90 Day Extension to File Initial Complaint;" and (2) a Request to Proceed In Forma Pauperis ("IFP Application"). (Dkts. 1, 3.) The court observes that the first of these filings appears to be a letter to the court requesting that the case be filed under seal and seeking a 90-day extension of time to file the actual Complaint. (Dkt. 1.)

Under Federal Rule of Civil Procedure 8(a), pleadings must conform with the following requirements:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:23-CV-00617-FWS-MAADate: January 27, 2023
Title: Maria A. Anders v. County of Santa Barbara Sheriffs Department *et al.*

The Ninth Circuit has held that a complaint may be dismissed for failure to comply with Rule 8.  *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008) ("Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) ("A complaint which fails to comply with [R]ules 8(a) and 8(e) may be dismissed with prejudice pursuant to [R]ule 41(b).").

This District's Local Rules also instruct parties that letters to the judge are not a proper means of communicating with the court.  Specifically, Local Rule 83-2.5 provides:

> Attorneys or parties to any action or proceeding shall refrain from writing letters to the judge, sending e-mail messages to the judge, making telephone calls to chambers, or otherwise communicating with a judge in a pending matter unless opposing counsel is present.  All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules.

L. R. 83-2.5.

The court observes that the letter entitled "Complaint; Request of 90 Day Extension to File Initial Complaint" at Docket No. 1 does not comply with the requirements of Federal Rule of Civil Procedure 8 or Local Rule 83-2.5.  The court further observes that there is no pleading that can serve as the appropriate case-initiating document for this action.  (*See generally* Dkt.)  Accordingly, the court finds that dismissal without prejudice is warranted for failure to comply with Federal Rule of Civil Procedure 8.  In addition, having found that there is no appropriate case-initiating document in this action, the court declines to rule on Plaintiff's IFP Application at this time.  The court therefore **ORDERS** the Complaint dismissed without prejudice.  The Clerk is directed to **CLOSE** this case.

Initials of Deputy Clerk:  mku